UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSURU SHO, <br><br> Petitioner, <br><br> v. <br><br> CURRENT OR ACTING FIELD OFFICE DIRECTOR, et al., <br><br> Respondents. | Case No. 21-08796 BLF (PR) <br><br> **ORDER OF TRANSER; TERMINATING PENDING MOTIONS** <br><br><br> (Docket Nos. 2, 3, 5) |

On November 12, 2021, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE") at the Golden State Annex in McFarland, California, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Petitioner claims that his prolonged detention without a hearing to determine whether he presents a risk of flight or danger is unconstitutional. *Id.* at 2. Petitioner has filed a motion for leave to proceed *in forma pauperis*, a motion for appointment of counsel, and an emergency motion for a bond hearing. Dkt. Nos. 2, 3, 5. The matter was reassigned to the Undersigned on November 24, 2021. Dkt. Nos. 7, 8.

Failure to afford a bond hearing to an alien on prolonged detention may be grounds for habeas relief under 28 U.S.C. § 2241. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 n.3 (noting that at bond hearing government bears the burden of establishing that the alien

is a flight risk or a danger to the community). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). In 1948, relying on the "within their respective jurisdictions" language, the Supreme Court held that personal jurisdiction over a federal habeas corpus petition lies exclusively in the single federal judicial district in which both the custodian of the prisoner and the prisoner reside. *Ahrens v. Clark*, 335 U.S. 188, 190-91 (1948). In *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973), however, the Supreme Court held that the literal language of § 2241(a) required "nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court… even if the prisoner himself is confined outside the court's territorial jurisdiction." *Id*. at 495.

  Although this court may have jurisdiction to hear a petition since the Golden State Annex is managed by the San Francisco Field Office, *Braden* also makes clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988); *see also McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation."); 1 J. S. Liebman, *supra*, § 10.2(d) at 141 ("Personal jurisdiction is only the first 'proper forum' hurdle the petitioner must clear."). Transfer of a petition to another district court may therefore be in order on grounds of convenience. *See Braden*, 410 U.S. at 499 n.15; *McCoy*, 537 F.2d at 966; *United States ex rel. Meadows v. New York*, 426 F.2d 1176, 1183 n.9 (2d Cir. 1970), *cert. denied*, 401 U.S. 941 (1971). Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," *McCoy*, 537 F.2d at 966, and therefore exercise discretion in transferring petitions

to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). *See id.*; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no undue delay is created. *See Chatman-Bey*, 864 F.2d at 814 ("Delay is undesirable in all aspects of our justice system, but it is especially to be avoided in the sensitive context of habeas corpus.").

Petitioner is being detained by ICE in Kern County, which lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(b). Therefore, in the interest of justice and convenience, the preferred forum for this petition is that district and not in this one. *See* 28 U.S.C. § 1391(b). Accordingly, this case is TRANSFERRED to the United States District Court for the Eastern District of California as the convenient forum. *See* 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: __December 13, 2021___

BETH LABSON FREEMAN
United States District Judge

Order of Transfer; Terminate Pending motions
PRO-SE\BLF\HC.21\08796Sho_transfer(ED)

3